UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-21650-CIV-ALTONAGA/Simonton

**UNITED STATES OF AMERICA**,

    Plaintiff,
vs.

**LAURA P. PINTO**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff's Motion for Summary Judgment and Memorandum of Law ("Motion") [ECF No. 10], filed June 19, 2014. Defendant, Laura P. Pinto ("Pinto") has not filed a memorandum opposing the Motion.

This is a suit by the United States to collect on a student loan to the Defendant. (*See* Compl. [ECF No. 1]). Defendant filed an Answer [ECF No. 7] to Plaintiff's Complaint, denying without explanation or any defenses that she owed the United Stats a debt based upon a student loan. The Motion seeks summary judgment awarding the Plaintiff the principal of the loan plus interest, as well as attorney's fees and costs. The Court has carefully considered the Motion, the record, and applicable law.

Summary judgment is rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In making this assessment, the Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997) (citation omitted), and "must resolve all reasonable doubts about the facts in favor of the non-

movant," *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am.*, 894 F.2d 1555, 1558 (11th Cir. 1990) (citation omitted).

The movant's initial burden on a motion for summary judgment "consists of a responsibility to inform the court of the basis for its motion and to identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993) (alterations and internal quotation marks omitted) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the moving party has shouldered its initial burden, the burden shifts to the non-moving party to "'set forth specific facts showing that there is a genuine issue for trial,' not just to 'rest upon the mere allegations or denials of the adverse party's pleading.'" *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001) (quoting *Resolution Trust Corp. v. Camp*, 965 F.2d 25, 29 (5th Cir. 1992)).

To recover on a promissory note, the government must show: "(1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default." *United States v. Calzon*, No. 08-23045-Civ, 2009 WL 1585983, at *3 (S.D. Fla. June 4, 2009) (citation and internal quotation marks omitted), *aff'd,* 366 F. App'x 115 (11th Cir. 2010). When seeking summary judgment, the government may shoulder this burden by producing the promissory note and a certificate of indebtedness. *See Lawrence*, 276 F.3d at 196–197; *United States v. Ashanti*, No. 3:10cv42/MCR/EMT, 2010 WL 5510074, at *4 (N.D. Fla. Nov. 29, 2010) ("The United States can establish these elements by producing the promissory note and a certificate of indebtedness signed under penalty of perjury by a loan analyst." (citation and internal quotation marks omitted)). Whether a promissory note is in default is determined by the terms of the promissory note. *See Calzon*, 2009 WL 1585983, at *3–4.

CASE NO. 14-21650-CIV-ALTONAGA/O'Sullivan

Upon a review of Plaintiff's submissions, the undisputed material facts appear. Defendant executed a promissory note (the "Promissory Note") to secure a student loan under the Higher Education Act, 20 U.S.C. § 1071 *et seq.* at an annual interest rate of 9% for $24,063.00 on May 31, 1993. (*See* Mot. Ex. A, Certificate of Indebtedness). The Promissory Note was defaulted on January 27, 1998, and assigned to Plaintiff on September 9, 2003. (*See id.*). The Certificate of Indebtedness reflects the principal balance due from Defendant is $30,520.31 together with $34,161.74 in interest through May 17, 2011, while accruing at $7.52 per day thereafter. (*See id.*).

The foregoing facts satisfy Plaintiff's initial burden of showing it is entitled to recover on the Promissory Note. *See United States v. Hargrove*, No. Civ. A. 06-1059, 2007 WL 2811832, at *2 (W.D. Pa. Sept. 24, 2007) ("The Government has met this burden by providing the Court with the signed promissory note and records indicating that the note is owned by the Government and is in default." (internal citations to the record omitted)); *see also United States v. Considine*, No. 3:06-cv-6118-FLW, 2008 WL 4723030, at *2 (D.N.J. Oct. 24, 2008). Thus, the burden shifts to Defendant to set forth specific facts showing there is a genuine issue for trial. *See Hargrove*, 2007 WL 2811832, at *2. As the Defendant has not opposed the Motion nor presented any evidence in opposition, she has failed to set for any facts showing there is a genuine issue for trial.

With regard to Defendant's fee application, the requested attorney's fees include 2.0 hours for "Post Judgment Collection." (Mot. Ex. B). Plaintiff cannot seek attorney's fees for time not already expended as the Court cannot verify if this is an accurate representation. As such, the Court will adjust the fees awarded to reflect a reduction of these hours.

Accordingly, it is

**ORDERED AND ADJUDGED** that, pursuant to Rule 56(c), the Motion **[ECF No. 10]**

3

CASE NO. 14-21650-CIV-ALTONAGA/O'Sullivan

is **GRANTED in part**. Judgment for Plaintiff will be entered by separate order. Plaintiff is instructed to email the Court, in the manner required by the CM/ECF Administrative Procedures, the proposed final summary judgment order appearing as an exhibit to its Motion, removing any fees for post judgment collection. The Clerk of Court is directed to **CLOSE** this case, and any pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of July, 2014.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record
Laura P. Pinto, *pro se*